IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-790-D |
| ) | |
| MICHAEL WALKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

By Order of December 1, 2021 [Doc. No. 19], the Court ordered Plaintiff to pay the required initial partial filing fee of $24.35 for his prisoner civil rights action, or to show cause in writing for nonpayment, by December 30, 2021. The Court expressly informed Plaintiff that the case would be dismissed if he failed to comply with the Order.

The record reflects that Plaintiff has not complied with the Order but, instead, through various notices filed in the case record and an appeal taken to the Tenth Circuit, he has manifested his intention not to comply. In one Notice [Doc. No. 22], which was filed December 29, 2021, in all of his pending cases in this district, Plaintiff complained that the cumulative effect of multiple orders requiring payment is that the total amount due exceeds the balance of funds in his institutional accounts. However, an account statement submitted with the Notice reflects that Plaintiff had ample funds ($111.15) to make the payment required in this case. Further, Plaintiff's filings in this and other cases make clear that Plaintiff believes an indigent prisoner should not be required to make any payment and, alternatively, that he should not be required to comply with institutional

policies and procedures for a disbursement of funds from his account. Under these circumstances, the Court finds that Plaintiff has failed to show good cause for nonpayment of the initial partial filing fee in this case.[1]

Pursuant to LCvR3.4, failure to pay the initial partial filing fee, to seek a timely extension, or to show cause why the fee cannot be paid "shall be cause for dismissal of the action without prejudice to refiling," except a case will not be dismissed if the plaintiff "does not have any assets or present means to pay the initial partial filing fee." The Court finds that the exception does not apply in this case because Plaintiff has the present means to pay the initial partial filing fee of $24.35. Therefore, the Court finds that the case should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to a future filing. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 19th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] To the extent Plaintiff is arguing that the initial partial filing fee should not be assessed on a per-case basis, the Supreme Court has rejected the argument. *See Bruce v. Samuels,* 577 U.S. 82, 85 (2016) ("We hold that monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis. Nothing in § 1915's current design supports treating a prisoner's second or third action unlike his first lawsuit.").